[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DEFENDANT'S MOTION FOR SUMMARY JUDGMENT DATED MAY 17. 2002 (#112)
This motion tests whether the plaintiff needs an expert witness in order to bring to trial a negligence action arising out of the operation of a ski lift at the defendant ski area. The plaintiff has not disclosed an expert witness. For the reasons set forth, the court concludes that expert testimony may not be necessary on all of the allegations of negligence. Therefore, the defendant's motion for summary judgment is denied.
The minor plaintiff alleges that she was riding up the ski lift when she fell from her seat and sustained personal injuries. The fifteen allegations of negligence in the complaint fall into three general categories; 1) that the ski lift chair on which the plaintiff was seated was unsafe; 2) that the defendant either failed to stop the lift when it should have, or started to lift when it should not have; 3) the defendant failed to monitor and supervise the lift in a safe manner. It is likely that the first and second categories of allegations will require expert testimony as they relate to matters which go beyond the ordinary knowledge and experience of jurors: However, an expert will probably not be required in connection with all of the claims, especially those involving the monitoring of the behavior of other children on the lift.
The plaintiff claims in her affidavit that she began to fall after some boys ahead of her on the lift continued to bounce the lift line up and down after being instructed not to do so. The defendant has not filed an affidavit to counter these allegations. Whether an expert would be required on the issue of the proper monitoring of other riders bouncing the lift line is best left to the trial judge after hearing the evidence on this point. It is not clear that such an issue would be beyond the ken of the ordinary fact finder or that the risks of riding on a ski lift being bounced up and down are risks which are assumed by riders as inherent in the sport of skiing. The defendant has failed in its burden CT Page 12074 of showing the absence of any genuine issue of material facts, which under applicable principles of substantive law, entitle it to a judgment as a matter of law. Therefore, the motion for summary judgment is denied.
_________________ Pickard, J. CT Page 12075